# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:09-00186-14 |
| ) | Judge Trauger |
| SIXTO ARELLANO-GARCIA ) | |
| ) | |

## MEMORANDUM and ORDER

The defendant has filed a Motion In Limine (Docket No. 473), to which the government has responded in opposition (Docket No. 482).

The defendant seeks to exclude from evidence an identification card found in a search of the defendant's residence upon his arrest on November 9, 2009. This is relevant, admissible evidence that links the false name on the identification card with a cellular phone used by the defendant to make calls during the course of the conspiracy. The government will not be allowed to raise the specter of the defendant's possession of this false identification card being a separate crime or a "bad act" by the defendant, requiring analysis under Rule 404(b) of the FEDERAL RULES OF EVIDENCE. This is simply properly-seized evidence of the defendant's participation in the conspiracy.

The defendant also objects to the admission of a memo book or notepad found during the search of the apartment of co-defendant Armondo Jaimes-Salazar ("Sueño"). The defendant objects to the admissibility of this notebook, which the government will contend is a drug ledger and which the government contends shows notations linking the defendant ("Tito") to drug dealing with "Sueño."

First, the defendant contends that the notebook is "blatant hearsay" and the government cannot lay a proper foundation for its admissibility because the government cannot prove who wrote the notations in the book. This argument is without merit, in that the government need not prove the identity of the person who made the notations for a notebook of this sort, which is admissible under Rule 801(d)(2)(E) of the FEDERAL RULES OF EVIDENCE as the statement of a co-conspirator made during the course and in furtherance of the conspiracy. *United States v. Breitkreutz*, 977 F.2d 214, 218 (6th Cir. 1992). So long as the government proves by a preponderance of the evidence prior to the proffer of the notebook that a conspiracy existed, that the defendant was a part of that conspiracy, and that the notations in the notebook were made during the course and in furtherance of the conspiracy to distribute cocaine, the notebook will be admissible.

The defendant also maintains that the notebook is "testimonial in nature and thus subject to exclusion under the authority of *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L.Ed.2d 177 (2004). (Docket No. 473 at 3) This argument is unavailing, as the Confrontation Clause does not bar the admissibility of co-conspirator statements made during and in the course of the conspiracy. *See United States v. Hargrove*, 508 F.3d 445, 448 (7th Cir. 2007); *United States v. Singh*, 494 F.3d 653, 658-59 (8th Cir. 2007); *United States v. Ramirez*, 479 F.3d 1 (10th Cir. 2007). The rationale for these decisions is that a statement made in furtherance of a conspiracy is not "testimonial."

As an alternative ground, the government maintains that the notebook may be received as non-hearsay, not requiring admissibility as a co-conspirator's statement, in that it is not offered for the truth of the statements contained therein, but merely to show the existence of a relationship between the defendant and "Sueño," the existence of a drug conspiracy, and to

corroborate the testimony of a government witness that "Sueño" kept drug ledgers to detail the money that the defendant owed to him. Under either ground, the notebook is admissible evidence.

The third subject of the defendant's Motion In Limine requests the exclusion of evidence concerning the defendant's participation in drug trafficking or possession of firearms in the summer of 2008. The court has already ruled on this issue in its decision on the government's Motion In Limine No. 1.

For the reasons expressed herein, the defendant's Motion In Limine as it relates to the identification card and the notebook/drug ledger is **DENIED**. The court's ruling on the third ground concerning the summer 2008 evidence against the defendant is contained within the court's Memorandum and Order entered October 26, 2010 (Docket No. 487).

It is so **ORDERED**.

ENTER this 27th day of October 2010.

_____
ALETA A. TRAUGER
U.S. District Judge