IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Criminal No. 3:09-cr-00186 |
| | ) | Judge Trauger |
| SIXTO ARELLANO GARCIA | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Through counsel, the defendant has filed a Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(1) (Doc. No. 822), to which the government has filed a Response (Doc. No. 827), and the defendant has filed a Reply (Doc. No. 828). On February 7, 2024, the defendant filed a Notice of Supplemental Authority (Doc. No. 829), addressing the authority of the U.S. Sentencing Commisison to amend the relevant policy statements. The defendant requests relief under three grounds in the United States Sentencing Commission's new policy statement concerning sentence reductions: an "unusually long sentence" under U.S.S.G. § 1B1.13(b)(6), "family circumstances" under U.S.S.G. § 1B1.13(b)(3)(C), and "other reasons" under U.S.S.G. § 1B1.13(b)(5).

The defendant has served over 14 years of a 25-year sentence imposed in 2011 for participation in a drug conspiracy with 13 other individuals. The defendant is now 41 years old, has exhausted his administrative remedies (Doc. No. 827-1 at 1), and has a release date of October 28, 2031.

His ground for release based upon family circumstances is that his 75-year-old mother has health conditions for which she needs his care. However, although his mother wants him to be the

one to care for her, he has 8 siblings, 3 of whom live in Mexico where his mother lives, and there is no proof whatsoever, except his own assertion, that he is the only available caregiver for his mother, whose father is still living. The motion is DENIED on this ground. The other two grounds, however, resonate with the court.

Of the 14 defendants in this case, this was the only defendant to go to trial, and he received, by far, the longest sentence imposed, despite the fact that he is described by the government as a "mid-level cocaine dealer", committed no violence within this conspiracy, and was in criminal history category II at the time of sentencing. On the eve of trial, the government filed an 851 notice, which subjected the defendant to a minimum mandatory of 20 years on the conspiracy count that was mandated to run consecutively with the 5-year sentence on Count II for possessing a firearm in furtherance of drug trafficking. His prior conviction today would not subject him to the 851 enhancement, so the total minimum mandatory today would be 15 years instead of 25. All other defendants have now served their sentences and have been released. The defendant admits that he unwisely rejected plea offers before trial.

The defendant was in his mid-20's when he participated in this conspiracy. It is well known that the part of the brain that gives one judgment and maturity does not fully develop until the mid-to-late 20's, and the court usually views this age factor as mitigating in sentencing. However, the court was unable to take this factor into account at this defendant's sentencing, because he was subject to two minimum mandatory consecutive terms of imprisonment. During his incarceration, the defendant has secured his GED, taken many classes and, most importantly, incurred no disciplinary infractions during all these years. (Doc. No. 827 at 10).

The government devotes nearly half of its 43-page Response to the argument that the

2

Case 3:09-cr-00186   Document 830   Filed 04/16/24   Page 2 of 4 PageID #: 5691

Sentencing Commission exceeded its authority in promulgating the Section 1B1.13 policy statement. This court does not agree with that assertion and, like a number of other courts, finds that the Commission did not exceed its authority or violate Sixth Circuit precedent in doing so. The court is especially in agreement with the opinion of Chief Judge Marbley of the Southern District of Ohio in so ruling. *United States v. Brown*, 2:95-cr-66(2) (S.D. Ohio, Feb. 2, 2024); (Docket No. 829-1 at 1.)

> Section 1B1.13(b)(6) provides as follows:
>
> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, after full consideration of the defendant's individualized circumstances.

The court finds that the defendant qualifies for a reduction in his sentence under this policy. He has served at least 10 years in prison, his sentence was "unusually long" for a mid-level drug dealer who committed no violence during the conspiracy, and he would not be subject to the 851 enhancement under today's law. His sentence was unusually long also based on the disparity between him and his co-defendants, including the kingpin of the conspiracy, Mauricio Orozco-Rios, who was resentenced after a finding by this court of ineffective assistance of counsel to 180 months. Other defendants in the conspiracy received sentences ranging from 18 months to 135 months. This defendant's sentence was unusually long and disproportionately long.

Taking into account the 3553(a) factors, the rehabilitation of the defendant [§ 1B1.13(d)], and the unusually long sentence imposed upon him, the court finds extraordinary and compelling reasons for the early release of this defendant. An Immigration and Customs Enforcement detainer

3

Case 3:09-cr-00186   Document 830   Filed 04/16/24   Page 3 of 4 PageID #: 5692

is lodged against him, and he will, in all likelihood, be deported to Mexico. The court would hope that he remains there and does not reenter the United States. His lack of a disciplinary record within the Bureau of Prisons bodes well for his respect for the law, and his desire to aid his mother in failing health will hopefully cause him to remain in Mexico. For these reasons, the defendant's motion is GRANTED, and he is sentenced to time served.

This Order is STAYED, and the defendant shall remain in BOP custody until such time as ICE can assume custody on its detainer.

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge